# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEPHEN RICHMOND CUMMINGS,**

        **Plaintiff,**

v.    Case No:  6:17-cv-1897-Orl-41DCI

**JAMES FRANCIS CAMERON,
LIGHTSTORM ENTERTAINMENT,
INC., SONY PICTURES
ENTERTAINMENT INC.,
PARAMOUNT PICTURES CORP.,
PARAMOUNT HOME
ENTERTAINMENT, INC. and
TWENTIETH CENTURY FOX FILM
CORPORATION,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR AN AWARD OF ATTORNEYS' FEES AND FULL COSTS (Doc. 48)** |
| **FILED:** | **May 17, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

I.  **Background**

Plaintiff, who is proceeding *pro se*, filed this action against James Cameron – the writer and director of the blockbuster motion picture *Titanic*[1] – and five corporate defendants (collectively, Defendants). Doc. 1 (the Complaint). The gravamen of the Complaint – which contained long, rambling, and, at times, incomprehensible allegations – is that Mr. Cameron learned of Plaintiff's life story, studied him, and used his "image, . . . name . . ., . . . ideas, . . . art, . . . actions, . . 'music/ability vocally,' . . . personality[,] . . . character, [and] . . . interactions with others" to create *Titanic* and in connection with the sale of *Titanic* merchandise. *See id*. Plaintiff alleged that Defendants did not have permission to use his life story to create *Titanic*. *Id*. at ¶ 5. As a result, Plaintiff claimed that Defendants violated various Florida and California laws, as well as the Copyright Act. *Id*. at 10-11. Specifically, Plaintiff asserted the following claims against Defendants:

- Count I: Violation of Plaintiff's right of publicity.
- Count II: Unjust enrichment.
- Count III: Copyright infringement.
- Count IV: Trespass to chattels/conversion.

*Id*. at 19-22. Based on these claims, Plaintiff requested a total of $300,000,000.00 in damages, as well as a 1% royalty on all sales of the film. *Id*. at 23-25.

Defendants moved to dismiss the Complaint on the basis that Plaintiff failed to state a claim for relief. Doc. 27. Plaintiff contested the motion to dismiss and requested that it be denied. Doc. 31.

---

[1] *Titanic* was released in 1997. Doc. 1 at ¶ 5.

The undersigned entered an order finding that the Complaint should be stricken because it was a shotgun pleading due to: 1) the first paragraph of each count incorporating every antecedent allegation in the Complaint; 2) not specifying whether the state law claims were being brought pursuant to Florida or California law; and 3) repeatedly and vaguely alleging that Defendants engaged in conduct that constituted a violation of Plaintiff's right of publicity, unjust enrichment, copyright infringement, and trespass to chattels/conversion.  Doc. 42 at 4-5.  In light of these issues, the undersigned declined to consider Defendants' argument that Plaintiff failed to state a claim for relief.  *Id*. at 5-6.  Instead, the undersigned denied Defendants' motion to dismiss without prejudice and struck the Complaint.  *Id*. at 6.  The undersigned granted Plaintiff leave to file an amended complaint and instructed him that the amended complaint must comply with the directives contained in the order, including:

- Plaintiff shall set forth each claim in a separate count.

- Plaintiff must set forth a short plain statement of facts as to each claim and state each defendant's involvement in the violation alleged in each claim.

*Id*. at 6-7.  The undersigned admonished Plaintiff that "[t]he filing of a shotgun pleading or failure to comply with the [directives concerning the amended complaint] may result in the case being dismissed without further warning."  *Id*. at 7.

Plaintiff filed an amended complaint, which again contains many long, rambling, and, at times, incomprehensible allegations.  Doc. 44 (the Amended Complaint).  The gravamen of the Amended Complaint is essentially the same as that of the Complaint, *compare* Doc. 1 *with* Doc. 44, but there are some noticeable differences between the pleadings.  Specifically, Plaintiff now asserts the following claims against Defendants:

- Count I – Violation of Plaintiff's right of publicity pursuant to Cal. Civ. Code §§ 1804, 3344, and 3274-9566.

- Count II – Violation of Plaintiff's right of publicity pursuant to Fla. Stat. § 540.08.

- Count III – Trespass to chattels/conversion in violation of the common law[2] and Cal. Civ. Code §§ 2101 and 2102.

- Count IV – Invasion of privacy in violation of Florida and California common law, Cal. Civ. Code §§ 1804 and 3344, and Fla. Stats. §§ 766-774.

- Count V – Copyright infringement in violation of the Copyright Act.[3]

- Count VI – Violation of Plaintiff's right of publicity pursuant to "California common law" and Cal. Civ. Code § 3344.

- Count VII – Unjust enrichment under Florida and California law.

*Id*. at 28-36.[4] Plaintiff does not incorporate any of the factual allegations in the Amended Complaint into any of the foregoing claims. *See id*. Instead, in some instances, Plaintiff supports the claims with conclusory allegations and legal conclusions (see Counts I, II, III, V, and VII). *Id*. In other instances, Plaintiff does not include any allegations in support of the claims (see Counts IV and VI). *Id*. at 32-35. Based on these claims, Plaintiff requests a total of $300,000,000.00 in damages, as well as a 1% royalty on all sales of the film. *Id*. at 38-42.[5]

Defendants filed a motion to dismiss the Amended Complaint on the bases that it is a shotgun pleading and that it fails to state a claim for relief. Doc. 48 (the Motion). Plaintiff contests the Motion and requests that it be denied. Doc. 52.

---

[2] It is not clear whether Plaintiff is asserting claims under Florida or California common law. *See* Doc. 44 at 31-32.

[3] Plaintiff does not allege that Defendants violated any specific provisions of the Copyright Act. *See* Doc. 44 at 33-34.

[4] Plaintiff also asserts separate claims for "damages" (Count VIII) and "inference of scienter" (Count IX). Doc. 44 at 36-38. However, these are not claims upon which relief can be granted.

[5] Plaintiff attached several documents to the Amended Complaint, Doc. 44-1, but those documents are not relevant to the disposition of this matter.

**II.     Discussion**

Defendants argue that the Amended Complaint is a shotgun pleading because through it, like the Complaint, Plaintiff asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for the acts or omissions complained of in the Amended Complaint. Doc. 48 at 12-15. Thus, Defendants argue that the Amended Complaint should be dismissed and the case closed. *Id*. at 15. Plaintiff does not expressly contest Defendants' assertion that the Amended Complaint is a shotgun pleading but, instead, devotes his response to establishing that he has sufficiently stated a claim for relief. Doc. 52. The Court, however, need not determine whether Plaintiff has failed to state a claim for relief, because the undersigned finds that Defendants correctly argue that the Amended Complaint is a shotgun pleading and should be dismissed on that basis.

The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010),[6] because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[6] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

555 (2007). Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation marks omitted). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*."). "This initial repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

The undersigned previously found that the Complaint fell into the first, third, and fourth categories of shotgun pleadings and struck the Complaint with leave to file an amended complaint. The Amended Complaint, however, suffers from many of the same issues as the Complaint and, like the Complaint, is a shotgun pleading.

First, although Plaintiff no longer incorporates every antecedent allegation in each of his counts, Doc. 44 at 28-36, Plaintiff instead failed to incorporate *any* antecedent allegations (such as allegations of fact) in any of the counts in the Amended Complaint. *Id*. To be sure, the Amended Complaint begins with a section of long, rambling, and, at times, incomprehensible allegations, but those allegations are not correlated in any manner to the counts. Thus, while the Amended Complaint does not technically fall into the first category of shotgun pleadings, it remains equally deficient because the counts in the Amended Complaint are supported either by conclusory allegations and legal conclusions (see Counts I, II, III, V, and VII) or have no supporting allegations (Counts IV and VI). *Id*. The failure to correlate any of the numerous factual allegations to any count results in Defendants receiving inadequate notice of the claims against them and the grounds upon which each claim rests.[7] Therefore, the undersigned finds this issue alone is reason to dismiss the Amended Complaint.

Second, the Amended Complaint meets the third category of shotgun pleadings. While Plaintiff has attempted to assert additional counts against Defendants (*see* Counts VIII and IX, which are deficient on their face), Plaintiff continues to assert multiple claims in the same count.

---

[7] This issue could also be viewed as meeting the second category of shotgun pleadings, which involve pleadings that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322 n.12 (listing Eleventh Circuit cases addressing pleadings that are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action).

Specifically, Plaintiff asserts multiple claims in Counts I, III, IV, VI, and VII. Doc. 44 at 28-29, 31-36. This type of pleading clearly falls into the third category of shotgun pleadings. *See Weiland*, 792 F.3d at 1322-23 n.13 (listing Eleventh Circuit cases addressing pleadings that do not separate each cause of action or claim for relief into a different count).

Third and finally, the Amended Complaint meets the fourth category of shotgun pleadings. Plaintiff repeatedly and vaguely alleges that Defendants engaged in conduct that constitutes a violation of his right of publicity, trespass to chattels/conversion, invasion of privacy, copyright infringement, and unjust enrichment. Doc. 44 at 28-36. It is unclear from Plaintiff's general reference to Defendants throughout the Amended Complaint how each defendant's actions cause them to be liable for the violations alleged in the Amended Complaint. For example, it is unclear how Mr. Cameron would be liable for violating Plaintiff's right of publicity when a corporate defendant allegedly uses Plaintiff's likeness in promoting *Titanic* years after it was released. Nevertheless, the pleadings in the Amended Complaint allege that Mr. Cameron is liable for such actions. Certain corporate and temporal realities make it relatively clear that each defendant could not have participated in every act complained of in Counts I-VII. Therefore, the undersigned finds that the Amended Complaint also falls into the fourth category of shotgun pleadings. *See Weiland*, 792 F.3d at 1323 n.14 (listing Eleventh Circuit cases addressing pleadings that assert multiple claims against multiple defendants without specifying which applies to which).

Accordingly, the Amended Complaint is due to be dismissed. The only question remaining is whether Plaintiff should be permitted to file a second amended complaint. He should not.

A *pro se* plaintiff must generally be given one chance to amend his complaint if the district court dismisses the complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). A district court, however, need not allow an amendment where amendment would be futile.

*Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id*.; *see Vibe Micro*, 878 F.3d at 1295 (noting that if the plaintiff files an amended complaint with the same deficiencies as the previous complaint the court, depending on the circumstances, may dismiss the case).

Plaintiff has already been given an opportunity to file an amended complaint that complies with the dictates of Federal Rules of Civil Procedure 8 and 10.  The undersigned's order striking the Complaint identified each of the issues with the Complaint and provided detailed directives to follow in composing an amended complaint.  Doc. 42 at 4-7.  Further, the undersigned admonished Plaintiff that if he filed another shotgun pleading the case may be dismissed without further warning.  *Id*. at 7.  Despite this guidance and warning, the Amended Complaint contains many of the same issues.  Given the nature of the issues in the Complaint and Amended Complaint, namely the long, rambling, and, at times, incomprehensible allegations and the shotgun nature of the pleadings, there is nothing to suggest that giving Plaintiff another opportunity to amend the complaint will lead to a different result.  To the contrary, the record suggests that Plaintiff will not sufficiently address the issues discussed above.  In addition to responding to the Motion, Plaintiff filed a second amended complaint without leave of court.  Doc. 53.  That pleading, which the Court struck for failure to comply Federal Rule of Civil Procedure 15(a)(2), Doc. 56, contained many of the same issues as the Complaint and Amended Complaint.  *See* Doc. 53.  Thus, considering the Complaint, the Amended Complaint, and Plaintiff's other filings in this case,[8] the undersigned

---

[8] This is one of many cases that Plaintiff has filed throughout the country, and other of Plaintiff's cases have similarly been dismissed due to various issues with the pleadings.  *See* Doc. 30 at 4-5 (listing cases filed by Plaintiff that were dismissed due to various pleading deficiencies).  This

finds that granting Plaintiff leave to file a second amended complaint will be futile. Therefore, the undersigned finds that the Amended Complaint should be dismissed and the case closed.

As a final matter, Defendants request an award of attorney fees and costs against Plaintiff pursuant to 17 U.S.C. § 505. Doc. 48 at 17-18. That statute provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Defendants argue that they are entitled to attorney fees and costs since Plaintiff's copyright claim is "frivolous and objectively unreasonable" because, among other things, Plaintiff has "not registered any copyright and therefore has not satisfied a well-established condition precedent for bringing a copyright claim[.]" Doc. 48 at 17-18. Due to the pleading deficiencies discussed above, the undersigned did not address Defendants' substantive arguments concerning Plaintiff's failure to state a claim for copyright infringement. Thus, there has been no ruling on the merits of Plaintiff's copyright claim. Further, Defendants have not cited any authority permitting the Court to award attorney fees and costs under § 505 in a case such as this, *i.e.*, where the operative complaint is dismissed as a shotgun pleading. Absent such authority and given the discretionary nature of such an award, the undersigned finds that Defendants should not be awarded their attorney fees and costs under § 505.

### III. Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 48) be **GRANTED** to the extent that the Amended Complaint (Doc. 44) be **DISMISSED without prejudice**;

---

history suggests that granting Plaintiff an opportunity to file a second amended complaint will not lead to a different result.

2.  The Motion (Doc. 48) be **DENIED** in all other respects;

3.  All pending motions be **DENIED as moot**; and

4.  The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 28, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy