UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHEN RICHMOND CUMMINGS,**

    **Plaintiff,**

v.         Case No: 6:17-cv-1897-Orl-41DCI

**JAMES FRANCIS CAMERON,
LIGHTSTORM ENTERTAINMENT,
INC., SONY PICTURES
ENTERTAINMENT INC.,
PARAMOUNT PICTURES CORP.,
PARAMOUNT HOME
ENTERTAINMENT, INC. and
TWENTIETH CENTURY FOX FILM
CORPORATION,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim ("Motion," Doc. 48). United States Magistrate Judge Daniel C. Irick submitted a Report and Recommendation ("R&R," Doc. 68), in which he recommends that the Motion be granted and that Plaintiff's Amended Complaint (Doc. 44) be dismissed without prejudice. Both Plaintiff and Defendant filed Objections to the R&R.[1] (*See* Doc. Nos. 73, 74). In his Objection, Plaintiff also moves for the Court to allow the case to proceed. (*See generally* Doc. 74).

On April 10, 2018, Judge Irick issued an Order striking Plaintiff's first Complaint (Doc. 1) as a shotgun pleading. (*See generally* Apr. 10, 2018 Order, Doc. 42). In that Order, Judge Irick

---

[1] Plaintiff's Objection was filed several days late. Plaintiff blames this on "bizarre backdating" and being unable to see the R&R on the docket. (Doc. 74 at 2–3). Nonetheless, the Court will still consider Plaintiff's Objection to the R&R.

provided Plaintiff with clear directives, stating that in Plaintiff's amended complaint, Plaintiff shall:

> place his full name in the style of the case on the first page and provide his full name and current address in the appropriate section at the end of the complaint; . . . name as defendant(s) only those person(s) who are responsible for the alleged constitutional, statutory, common law, or other violations asserted by Plaintiff; . . . provide the full name and current address for each defendant . . . specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted; . . . state what rights under state law, the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by each defendant; . . . set forth each claim in a separate count; . . . set forth a short plain statement of facts as to each claim and state each defendant's involvement in the violation alleged in each claim; . . . show how he has been damaged or injured by the actions and/or omissions of the defendant(s); and . . . set forth a clear statement of the relief sought for each claim.

(Doc. 42 at 6–7). Judge Irick also warned Plaintiff that failure to abide by his instructions may result in the case being dismissed without further warning. (*Id.* at 7).

When Plaintiff submitted his Amended Complaint, Judge Irick found that while Plaintiff did make some changes, the Amended Complaint was still an impermissible shotgun pleading. (Doc. 68 at 7–8). In the R&R, Judge Irick noted that Plaintiff's Amended Complaint falls into three, if not all four, different categories of shotgun pleadings. (*See id.*) Judge Irick concluded that Plaintiff's pleading: fails to correlate any factual allegations to any count in the pleading; asserts multiple claims in the same count multiple times; and fails to specify which Defendant is responsible for which injury. (*Id.*) Because Plaintiff already received the chance to replead his complaint, Judge Irick determined that the case should be dismissed.

In his Objection, Plaintiff claims that he has complied with Judge Irick's Order but fails to provide any argument in support of his claim. (Doc. 74 at 3). Instead, Plaintiff argues that the Court should accept his late filing, accuses the Court of purposefully backdating docket entries to favor

Defendants, and informs the Court that he considers the Defendants' Motion to Dismiss to be fraud on the Court. (*Id.* at 2–4). Stated differently, Plaintiff makes no substantive objections to the R&R.

Defendants do not object to Judge Irick's findings, instead they assert that the dismissal should be with prejudice. Defendants believe that because Plaintiff failed to comply with Judge Irick's Order, despite his clear instructions and warning of dismissal, the case should be dismissed with prejudice. Defendants argue that if the Amended Complaint is not dismissed with prejudice, Plaintiff will merely file another problematic complaint for what now would be the third time.[2]

After an independent *de novo* review the Court agrees with the analysis set forth in the Report and Recommendation, with the exception that the case should be dismissed with prejudice. "A *pro se* plaintiff . . . 'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (*quoting Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) *overruled on other grounds by Wagner v. Daewood Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). Here, Plaintiff has been given a chance to replead his complaint, along with explicit instructions on how to draft an amended complaint, which he failed to heed. "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Indeed, "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue

---

[2] Plaintiff is on the verge of being considered a vexatious litigant. Plaintiff previously filed the exact same case before this Court, which was also dismissed because Plaintiff failed to follow a Court directive. (Case No. 6:17-cv-908-Orl-CEM-41KRS, Doc. 25). Additionally, Plaintiff has filed multiple cases deemed frivolous in other courts around the country, which have been dismissed for similar problems. (*See* Motion to Stay, Doc. 30, at 4–5 (listing cases filed by Plaintiff that were dismissed due to pleading deficiencies)).

in their recalcitrance." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 991 (11th Cir. 2015). Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 68) is **ADOPTED** and **CONFIRMED in part** and made a part of this Order to the extent consistent with that stated herein. In all other respects, the Report and Recommendation is **REJECTED** for the reasons stated herein.

2. Plaintiff's Objection to the Report and Recommendation and his Motion to Allow this Case to Proceed (Doc. 74) is **DENIED**.

3. The Amended Complaint (Doc. 44) is **DISMISSED with prejudice**.

4. All pending motions are **DENIED** as moot.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2018.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party